ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
MELISSA MILLS(Cal. Bar No. 248529)
Assistant United States Attorney
National Security Section
312 North Spring Street, Suite 1300
Los Angeles, California 90012
Telephone: (213) 894-0627
Facsimile: (213) 894-6436
Email: Melissa.Mills@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YONGDA HUANG HARRIS,<br><br>Defendant. | No. 12-1085-CAS<br><br>**STIPULATION ON PRETRIAL RELEASE AND BOND CONDITIONS** |

Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney Melissa Mills, and defendant Yongda Huang Harris, by and through his counsel of record, Jerod Gunsberg and Michael Rosenstein, hereby stipulate and request pretrial release pending sentencing in this case subject to the terms and conditions set forth herein.

BACKGROUND

On October 5, 2012, defendant arrived at Los Angeles International Airport ("LAX") from a flight originating in Japan. An officer with Customs and Border Protection ("CBP") in the customs area at LAX noticed that defendant appeared to be wearing

body armor under his trench coat and identified defendant for secondary screening. Closer inspection revealed that defendant was wearing a ballistic vest with steel trauma plates, flame-retardant leggings, and knee pads. CBP then conducted a baggage examination of defendant's two pieces of checked luggage and found the following items, among others: a smoke grenade, a gas mask, a full hazardous-materials suit and booties, a bone saw, another collapsible saw, an ice pick, a hatchet, various knives and scissors, various slapjack or sap weapons, two human-sized cargo bags that the CBP agents perceived as body bogs, hand cuffs, leg irons, various other body restraints, various masks and other disguises, wire cutters, and an electronic device to silence dogs.

A subsequent search of defendant's laptop computer revealed numerous files containing violent themes, as detailed more fully in the Pretrial Services Agency's report at the detention hearing in this matter.

On November 6, 2012, defendant was charged in a single-count indictment with making false statements to CBP in his customs declaration, including omitting one of the countries visited on his overseas trip and underestimating the value of goods purchased abroad during that trip. On December 17, 2012, defendant entered a plea of guilty pursuant to a plea agreement with the government. In the plea agreement, both the government and the defense have agreed to request a sentence of five years probation, the statutory maximum amount of Court-ordered supervision available in this case. The defense has further

agreed not to object to certain terms and conditions of probation, including the following: 1) participating in a mental health evaluation and/or psychological counseling program as directed by the Probation Officer; 2) submitting to periodic drug testing; 3) refraining from possessing any form of child erotica or depiction of child pornography in any form; and 4) periodic searches by the Probation Officer, including computer searches.

The Pretrial Services Agency opposes defendant's pretrial release in this case.

Defendant is a lifelong resident of the Boston area, and he intends to return there after this case is resolved.[1] He has lived there since he was a young child, he owns a home there, his family resides there, and he has steady employment in a family business there. The parties agree that in cases like this, it is universally beneficial to have a defendant reside in a stable environment and experience a continuity of supervision after his release from incarceration, and that in this case, the most stable environment is defendant's home in the Boston area.

STIPULATED CONDITIONS OF PRETRIAL RELEASE

Accordingly, the parties hereby stipulate to request pretrial release pending sentencing, provided that the Court orders the following terms and conditions of release, along with any other terms or conditions that the Court may impose[2]:

---

[1]Sentencing is currently set for February 25, 2012.

[2]If the Court is inclined to order defendant released without each of these stipulated conditions, the government respectfully withdraws from this stipulation and requests a hearing prior to a release order.

a) Defendant shall post an appearance bond in the amount of $500,000 with deeding of property and an affidavit with justification of surety signed by defendant's mother.

b) Defendant shall be ordered released into the custody of the Pretrial Services Agency in the District of Massachusetts ("PSA"), such that the United States Marshals Service ("USMS") shall be ordered to transport defendant to One Courthouse Way, Suite 1300, Boston, MA 02210 and release defendant to the custody of a PSA officer.

c) Defendant shall submit to intensive pretrial supervision.

d) Defendant shall surrender all passports to the PSA and not apply for the issuance of a passport during the pendency of this case.

e) Travel shall be restricted to the District of Massachusetts, and to the Central District of California for the sole purpose of attending court appearances in this criminal case. Prior to any travel to the Central District of California, defendant shall submit a complete itinerary to PSA and receive approval from PSA before embarking.

f) Defendant shall not enter the premises of any airport, seaport, railroad, or bus terminal which permits exit from the area of restricted travel without Court permission, with the exception that defendant may do so

for the exclusive purpose of travel to and from the Central District of California for court hearings in this case with the advance approval of PSA.

g) Defendant shall reside as approved by PSA and shall not relocate without prior permission of PSA.

h) Defendant shall maintain or actively seek employment and provide proof to PSA.

i) Defendant shall not possess any firearms, ammunition, destructive devices, or other dangerous weapons. In addition, defendant shall not possess any handcuffs, leg irons, flexi-cuffs, or other body restraints.

j) Defendant shall not possess or use any identification other than in his own legal name.

k) Defendant shall not use alcohol.

l) Defendant shall not use or possess illegal drugs.

m) Defendant shall submit to drug and/or alcohol testing as directed by PSA. Defendant shall pay all or part of the cost for testing and treatment based on his ability to pay as determined by PSA.

n) Defendant shall participate in mental health evaluation and/or counseling and treatment as directed by PSA. Defendant shall pay all or part of the costs based on his ability to pay as determined by PSA.

o) Defendant shall be subject to a curfew and shall be restricted to his PSA-approved residence every night as directed by PSA. This home-confinement program shall include electronic monitoring or other location-

verification system. Defendant shall pay all or part of the cost of the program based on his ability to pay as determined by PSA.

p) Defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8).

q) Defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers that have been disclosed to the PSA upon commencement of supervision. Any changes or additions are to be disclosed to the PSA prior to the first use. Computers and computer-related devices are personal computers, personal data assistants, internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or be modified to access, the internet, electronic bulletin boards, and other computers.

r) Defendant shall not loiter or be found within 100 feet of any school yard, park, playground, arcade, or other place primarily used by children under the age of 18.

///

///

s) In order to determine compliance with the above conditions, defendant shall agree to submit at any time to a search of his person and or property, including his computers and computer-related devices, by PSA in conjunction with the USMS.

IT IS SO STIPULATED

Respectfully submitted,

Dated: December 17, 2012

JERROD GUNSBERG
MICHAEL ROSENSTEIN

Attorneys for Defendant
YONGDA HUANG HARRIS

Dated: December 18, 2012

MELISSA MILLS
Assistant United States Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA